Nov. Term, 1840.

Chandler v. The State.

---

Saturday, January 9, 1841.

---

CHANDLER *v.* THE STATE.

If a recognizance, entered into by several persons, be not joint but several only, a joint *scire facias* against the recognizors cannot be sustained; and the objection, when shown by the *scire facias*, may be assigned for error.

Nov. Term,
1840.

CHANDLER
v.
THE STATE.

Thursday,
January 14,
1841.

APPEAL from the *Warren* Circuit Court.

BLACKFORD, J.—This was a *scire facias* issued on behalf of the state against *William Hess, Elisha L. Hess, Duvalt Hess,* and *Robert A. Chandler.* The *scire facias* states that on, &c., the defendants entered into a recognizance in the sum of 50 dollars each, for the appearance of the said *William, Elisha,* and *Duvalt Hess,* at the then next term of the Circuit Court, &c. to answer to a charge, &c.; and that the recognizance was afterwards declared forfeited. The *scire facias* concludes by commanding the sheriff to summon the defendants to appear and show cause, if any they had, why the state should not have execution against them in that behalf. The writ was executed on *Chandler,* and returned "not found" as to the other defendants. *Chandler* appeared, and pleaded *nul tiel record.* The Court awarded execution against all the defendants for the sum of 150 dollars and costs.

The recognizance described in the *scire facias* is not joint but several only. By the judgment of forfeiture, each of the defendants became liable to the state in the sum of 50 dollars, the amount for which he was bound; and, of course, each could be separately sued on his obligation. But the state cannot sustain this joint suit against the defendants, as they have not entered into a joint recognizance. And this objection, which is shown by the *scire facias,* may be assigned for error.

In ordinary cases on contract, if there be too many defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error. 1 Chitt. Pl. 50. And we think the same rule is applicable to suits commenced by *scire facias.*

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler,* for the appellant.
*W. J. Peaslee,* for the appellee.